

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2009

# USA v. Tammie Luettgen

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Tammie Luettgen" (2009). *2009 Decisions.* Paper 2008.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2008

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1411

UNITED STATES OF AMERICA

v.

TAMMIE LUETTGEN,

Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-06-cr-00056-001)
District Court Judge: Honorable William W. Caldwell

Submitted Under Third Circuit L.A.R. 34.1(a)
January 8, 2009

Before: FUENTES, FISHER and ALDISERT, Circuit Judges

(Opinion Filed: January 21, 2009)

**OPINION**

FUENTES, Circuit Judge:

Tammie Luettgen's attorney has filed a motion to withdraw as counsel, and

submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Luettgen has not

filed an opposing pro se brief. We agree that there are no nonfrivolous issues for appeal and accordingly we grant the motion to withdraw as counsel and affirm the sentence imposed by the District Court.

Because we write for the parties, we discuss only the facts relevant to our conclusion. While on probation, Luettgen was arrested for violating the conditions of her supervised release. On January 31, 2008, at the Supervised Release Revocation Hearing, Luettgen admitted to misusing a company credit card for personal expenses, submitting a false travel itinerary to the Probation Office, and failing to notify the Probation Office about her change in employment. The Probation Office determined that these were Grade C violations, with a Criminal History Category I, which carried a recommended sentence of three to nine months. Luettgen requested a sentence of in-house detention, or in the alternative, community confinement with work release. After consideration, the District Court imposed a sentence of five months imprisonment because it found that Luettgen had a "troubling history of fraud, theft, and deception."

Third Circuit Local Appellate Rule 109.2(a) provides: "Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California . . . ." Our inquiry is twofold: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

2

These conditions are met here. Luettgen's counsel identified three possible issues for appeal: (1) whether the District Court lacked jurisdiction; (2) whether the admission of guilt was counseled and voluntary; and (3) whether the sentence was reasonable. His Anders brief adequately sets forth the reasons why these issues lack merit, and an independent review of the record shows no reason to disagree.

First, the District Court clearly had subject matter jurisdiction under 18 U.S.C. § 3231, and was authorized to revoke a sentence of supervised release under 18 U.S.C. § 3583(e). Moreover, Luettgen's admissions of guilt were by all appearances counseled and voluntary, particularly since she never raised any objections on this basis. Finally, the sentence imposed was well within the correctly calculated guideline imprisonment range of three to nine months, and was supported by an adequate statement of reasons, namely that Luettgen had "a troubling history of fraud, theft, and deception."

For the foregoing reasons, we grant counsel's motion to withdraw and affirm the District Court's order revoking Luettgen's supervised release and sentencing her to five months' imprisonment.